UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Bonnie Owens, *et al.*,

    Plaintiffs,

v.                                                                  Case No. 14-11452

Federal National Mortgage Association,        Honorable Sean F. Cox

    Defendant.
_____/

# ORDER
# ACCEPTING AND ADOPTING REPORT & RECOMMENDATION

This case involves claims relating to a residential mortgage. After Plaintiffs defaulted on the loan, Wells Fargo Bank, N.A. ("Wells Fargo") commenced a foreclosure by advertisement. The property was sold at a Sheriff's sale to Wells Fargo and was later transferred to the Federal National Mortgage Association ("Fannie Mae").

Fannie Mae filed a summary proceeding in the 36th District Court, seeking possession of the property. In that action, Plaintiffs filed an Answer, Affirmative Defenses, and a Counter-Complaint. Plaintiffs' Counter-Complaint asserts the following claims against Fannie Mae: "Count I - Negligence Of Duty To Counter Plaintiff Established By Fannie Mae For Its Servicing Agents"; "Count II - Unconstitutional Deprivation Of Defendants-Third-Party Plaintiffs' Property Without Due Process Of Law;" "Count III: Wrongful Foreclosure In Violation Of MCL 600.3201 Et Seq.;" "Count IV - Violation Of The Fair Housing Act, 42 USC 3601 Et Seq.;" and "Count V - Exemplary Damages." The Counter-Complaint was severed and was removed to this Court on April 9, 2014.

Thereafter, Fannie Mae filed a Motion to Dismiss. (Docket Entry No. 5). This Court referred the motion to Magistrate Judge Michael Hluchaniuk for issuance of report and recommendation. On October 31, 2014, after full briefing by the parties and a telephonic hearing, Magistrate Judge Hluchaniuk issued a Report and Recommendation ("R&R") (Docket Entry No. 24), wherein he explains that the parties had stipulated that Count II of Plaintiffs' Counter-Complaint should be dismissed and recommends that the Court grant Fannie Mae's motion and dismiss the remaining counts in the Counter-Complaint with prejudice.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

Plaintiffs filed objections to the R&R on November 16, 2014. (Docket Entry No. 17). Fannie Mae filed a response to those objections. (Docket Entry No. 18).

Plaintiffs state four objections to the R&R. As explained below, this Court finds each of them to be without merit.

First, Plaintiffs assert that the R&R applied the improper analysis for the review of their negligence claim and relied on facts outside of the pleadings. (Pls.' Objs. at 1-6). This Court disagrees and concludes that the magistrate judge applied the correct standard of review. As explained in the R&R, in reviewing a motion under Fed. R. Civ. P. 12(b)(6):

> "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of

2

> which a court may take judicial notice." *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Thus, it is permissible to consider, in the context of a motion to dismiss, documents such as those relating to the mortgage transaction, assignment, and foreclosure because they are referenced in plaintiffs' amended complaint and are central to their claims. *Allen v. International Truck & Engine Corp.*, 2010 WL 749655, *2 (S.D. Ohio 2010); *see also Havenick v. Network Exp., Inc.*, 981 F.Supp. 480 (E.D. Mich. 1997) ("[T]he Court may properly consider, for the purposes of a Motion under Fed.R.Civ.P. 12(b)(6), the entirety of documents which Plaintiffs rely upon and quote in their Complaint without transforming the Motion into one for Summary Judgment."); *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (when "a document is referred to in the complaint and is central to the plaintiff's claim ..., the defendant may submit an authentic copy to the court to be considered on a motion to dismiss."); *Crofton v. Bank of America Home Loans*, 2011 WL 1298747, *3 (E.D. Mich. 2011) (A court may also consider "matters of public record," such as documents recorded with the Register of Deeds when considering a motion to dismiss under Rule 12(b)(6)); *Bundy v. Federal Nat. Mort. Ass'n.*, 2011 WL 977531, *2 (E.D. Mich. 2011) (Given that the "the loan applications, mortgages, and notes attached to defendants' motion" were referred to in the complaint and were central to plaintiff's claims, they "are considered part of the pleadings, and the Court's consideration of these documents does not convert a motion to dismiss into one for summary judgment.").

(R&R at 5-6; *see also* R&R at 14 n.3).

Second, Plaintiffs assert that they set forth a viable claim under the Fair Housing Act. As the Sixth Circuit explained in *Bernard,* to state a claim for relief under the Fair Housing Act, a plaintiff must plead that: 1) she was a member of protected class; 2) she attempted to engage in a real estate-related transaction with the defendant and met all relevant qualifications for doing so; 3) defendants refused to transact business with the plaintiff despite her qualifications; and 4) defendant continued to engage in that type of transaction with other parties with similar qualifications. *Bernard, supra*, at *5 (citing *Mich. Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 346 (6th Cir. 1994)). Among other things, Plaintiffs' Counter-Complaint fails to allege that they met all of the qualifications for a loan modification. Nor have Plaintiffs "alleged

that defendants offered modifications to those outside of the protected class while denying them to" Plaintiffs, another essential element of the claim. *Bernard, supra*, at *5. Accordingly, this Court concludes that Plaintiffs have failed to state a discrimination claim under the Fair Housing Act.

As their third and fourth objections, Plaintiffs assert that they demonstrated prejudice as defined in *Kim*[1] and that the R&R did not analyze the prejudice to Plaintiffs. This Court disagrees.

The Michigan Supreme Court, in *Kim*, "made clear that failure to comply with the conditions set forth in Michigan's foreclosure-by-advertisement statute does not render flawed foreclosures void (i.e., void *ab initio*) but merely voidable." *Conlin v. Mortgage Elec. Reg. Sys., Inc.,* 714 F.3d 355, 361 (6th Cir. 2013). "Under *Kim*, in order to 'prove foreclosure-defect claims, plaintiffs must show that they were prejudiced by defendant's failure to comply with [Michigan's statutes]. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute.'" *Bernard v. Federal Nat. Mort. Assoc.*, __ F. App'x. __, 2014 WL 4800123 (6th Cir. Sept. 29, 2014) (quoting *Conlin, supra*).

Like the plaintiff in *Bernard,* Plaintiffs claim that Defendant violated Michigan's loan modification statutes and HAMP. But even if they could establish such violations, Plaintiffs "cannot show prejudice as a result of that noncompliance" for the same reasons that the plaintiff in *Bernard* could not establish prejudice.

As the *Bernard* court explained, "Michigan courts have already held that even if a

---

[1] *Kim v. JP Morgan Chase Bank, N.A.*, 493 Mich. 98 (2012).

mortgagor meets the eligibility criteria for a modification, the lender is not required to grant the modification." *Bernard, supra*, at \*3 (citations omitted). Thus, "defendants' compliance with the modification statutes would not have put plaintiff in a 'better position to preserve [her] interest in the property absent [defendants'] noncompliance with the statute.'" *Id*.

And although Plaintiffs may raise HAMP violations as a defense to foreclosure under state law, Plaintiffs "still must show prejudice arising from those violations." *Bernard, supra*, at \*5. "That is, plaintiff[s] must still show that [they] 'would have been in a better position to preserve [their] interest in the property absent defendant's noncompliance with' those statutes. *Kim*, 825 N.W.2d at 337. Plaintiff[s] do not do so. Even assuming that defendants did in fact violate HAMP and EESA, plaintiff[s] do not allege . . . that absent defendants' noncompliance [they] would have been able to keep the property and avoid the foreclosure. Rather, plaintiff[s] simply argue that there were HAMP and EESA violations and leaves the matter at that. But, as noted, this is insufficient under Michigan law. As this court has recognized, plaintiffs seeking to invalidate a foreclosure after the expiration of the redemption period must show 'double liability' (i.e., a violation of the law and prejudice from that violation)." *Bernard, supra*, at \*5.

The Court hereby ADOPTS the October 31, 2014 R&R. IT IS ORDERED that Defendant Fannie Mae's Motion to Dismiss is GRANTED and Plaintiffs' Counter-Complaint shall be DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

                                                S/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated: December 12, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Bonnie Owens, *et al.*,

    Plaintiffs,

v.                                                            Case No.  14-11452

Federal National Mortgage Association,         Honorable Sean F. Cox

    Defendant.
_____/

PROOF OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 12, 2014, by electronic and/or ordinary mail.

                                            S/Jennifer McCoy
                                            Case Manager